The next matter, number 23-1610, United States v. Jose M. Ceballos. At this time, would counsel for the appellant please introduce herself on the record to begin. May it please the court. My name is Maria Carolina Gomez-Gonzalez, Assistant Federal Public Defender on behalf of Mr. Guzman Ceballos. I would like to reserve two minutes for rebuttal. Okay. You may proceed. Mr. Guzman Ceballos was hired by an organization that exploits desperation and economic meaning. An organization that does not care about people like Mr. Guzman. Those were the statements made by the sentencing court before deciding that Mr. Guzman should not be punished at the same level as those who are really benefiting from these ventures. But without more, the court stated, the law is the law. This is yet another appeal regarding a sentencing court's denial of the minor role reduction and its failure in making the proper comparative analysis. Without the benefit of Walker, the district court committed legal error when it felt it could not grant the minor role reduction. The sentencing judge failed to make the correct analysis of the mitigating role adjustment, and that led to an incorrect calculation of the guidelines. As such… Let me ask you, remember for the other cases, at least in this case there was, like in one of the previous cases, there was a variance, so the judge went down to some 90 months with a downward variance. Would that be harmless error, or still you understand that the guidelines have been calculated correctly and whatever your view, the result would have been different? Your Honor, the result would have been different because when the court was imposing the sentence, the court acknowledged the mitigating factors that weighed in favor of a downward variance. So, for example, the court acknowledged Mr. Guzman's economic situation. In the sentencing memorandum, it's clear that this was a poor fisherman. I mean, he shared sneakers with his brother. He would wear them in the morning, his brother would wear them in the afternoon. This was before the court. So, when the court imposed the sentence, the court was considering other mitigating factors. So, this is not harmless because it's clear that if this court remands, the court is… No, you can't do away now with mitigating factors. There was grounds for a variance, and it would start with a lower total penalty. I'm sorry, Your Honor. Can you repeat that? What you're saying is that if the case were remanded, the district court already made findings for a downward variance, and if it calculates the guidelines as you say, then it starts at a lower full offense level. So, you can't ignore then those mitigating factors. Correct. It doesn't have to be the same level of variance, but it might be sometime taken off. Correct, and that percentage would apply and would give Mr. Guzman an even less sentence than the sentence that he received. And here, the court were saying… So, is your argument similar to the others that the court didn't determine the proper universe of culprits? Yes. It didn't make the comparative analysis? Yes, Your Honor. So, the thing that's a little bit different about your case is what your guy pled to, which is by jettisoning the bundles and failing to keep. Yes. And so, Walker and Arias cases are very specific that we look at the particular criminal activity that is a subject matter of the indictment. And with respect to those two charges that we pled guilty to, there's not a universe beyond the three, is it? Your Honor, the universe consists of nine people. On the vote of jettison? No, on the vote of three people. But, I mean, so I'm saying if you just focus on the charges to which you pled, there is no universe beyond the three. There's only three jettisoned and only three failed to yield. Well, yes, but even the other co-defendant, for example, she was on the vote, but she was found… She didn't even plead guilty to the jettisoning, right? So, what they pled guilty to, it's relevant, but if you look at their conduct and the relevant participants, it includes the three, even the one that… So, you're conceding that the relevant universe of participants is the three people? No, Your Honor, because we believe that here it was clear and it was before the district court, undisputed, that there were also the six people in charge of this specific venture. So, jettisoning is throwing the drugs overboard, right? Correct. That was one of the five charges. The guideline range for jettisoning is based on the drug weight, I assume? Yes. So, he's one of the couple people on the vote who decides to throw the drugs overboard. He gets punished for that, or he gets a guideline range for that. And how can you say that the people on the shore or that brought the drugs are responsible for the act of throwing the drugs overboard, which is one of the crimes? Or feelings. Or feelings, which is the same idea, I think. Right, and I'm not saying that they're in charge of… You know, they weren't the ones telling Mr. Guzman to throw the drugs overboard. That was his code of conduct, right? That was undisputed. But the guidelines, what controls is the weight of the drugs. I can see, given the charges that were planned to, that you would do a comparative analysis between the three people on the vote. But I don't see how it's a broader comparison to that, which is what you're telling me your position is. The jettisoning didn't change the guidelines. What affected the guidelines was the drug weight, right? And that was the base offense level. And also, it's undisputed that this was a part of… I mean, I guess what you're saying is, well, you're being too judged. You're being too specific. You're focusing on this offense as opposed to, of course, it's part of a larger course of conduct that resulted in the drugs getting there and being on the vote. How else would he be throwing them overboard? But I think the question is, is that the right way to think about it? Or do we have to look at the crime, and the crime is either failure to yield or failure to throw the drugs overboard? And if that's the crime, should we be taking this more sort of loose, well, it's all part of… Obviously, behind it is a drug conspiracy. That's true. But is that really the way to do it? I think that it's important because in context, yes, I'm not denying that he jettisoned, right? But I'm saying that he still should have been granted the minor role reduction because if you look, this wasn't… The sentence that he received was not based solely on the jettisoning. And as the defense pointed out to the sentencing court, he was instructed to do the jettisoning. So even take just the three people, that plays into the factor. He was somebody who was told what to do. He received instructions. But it is important to think of this as part of the organization because that's certainly something that was undisputed and was submitted to the district court. Mr. Guzman showed up. The drugs were already on the vessel. There were six people in charge of making sure that the boat took off safely, again, undisputed. And the district court acknowledged the existence of the drug trafficking organization. So this wasn't something hypothetical. This was one trick from Mr. Guzman where he was an extra body. He was called and told, we need one more person. That's it. So just your case. Yes. Where the court in areas says that, you know, instructing courts to determine defendant's relative culpability only by reference to his or her co-participants is the money worth in the case at hand. So in the case at hand, how are we supposed to view what in the case at hand means in the context of the Murphys? In the context of my case, I, as Mercedes, tell the court to look at the facts and hear the facts demonstrate, again, undisputed, that there were nine people involved in this specific offense. There were the six people on the beach and the two other co-defendants. And our position is that the district court never engaged in a comparative analysis. And that's best evidenced by their statement in the same line acknowledging the existence of the drug trafficking organization that hired Mr. Guzman in that same line telling him, we know you are not a part of this criminal enterprise. So despite recognizing that, yes, he is the lowest on the total poll, the court still looked and asked unprompted to the government, so you're opposing this because of the totality of the circumstances of the indictment. The government twice, Your Honors, stated it would not oppose should the court, in conducting the analysis, decide that he merited a vote. But here's the interesting legal question, I suppose. As there are regular conspiracies charged here, I might think he's a minor role. There's a jettison where, in fact, the decision he made while on the boat doesn't seem to me he would have a minor role in the decision to jettison. So how does that work under the guidelines in the sense that you have multiple counts, but I assume they all group? And then what do we do where it seems to me that one of the counts, he's minor, and one of the counts, maybe he's not? How does that work? I think that's where the factors come into play. And I think that was the same point. Factors looking at what? The bigger charge, which would be the greater drug conspiracy, or the discrete charges, which grow out of the bigger drug conspiracy? I think that if you look at it in both ways, Mr. Guzman still merited the minor role, and I'm specifically focused on the fact that he was told what to do. He was told to jettison, and I think that was the defense counsel's point of the sentencing. Okay, but assume he wasn't, because I think this is hard, which is they group – you get one guideline number at the end, but if you do think of it as crime by crime, how do you account for the minor role in that? If that's not the right way to think about it, tell me, but if that is, then how do you deal with it? Well, I think that if there's multiple counts, you look at the one that gets you to the base, which here would be the drugs. And if your owner wants to look just at the jettisoning, then the court has to do the comparative analysis. So say we're focused on the three people only because we're looking at the jettisoning, right? Then there is – We're trying to figure out whether that's proper to just look at the jettisoning, or are you saying that the jettisoning is somehow so inextricably bound to the greater conspiracy? I am saying that, Your Honor. I do think that it would be a mistake to look just at the jettisoning and especially to look at it as controlling whether or not Mr. Guzman gets the minor role, simply because the jettisoning is so tied to the drug conspiracy. What case supports that idea? Well, right now, I can't tell you a case that supports that, but I can tell you –  Sorry? You're the first to say that. I think Your Honor – Because what if it were charged differently? I don't charge the conspiracy. I just charge the jettisoning. Take aside your fact that he might have been told to jettison. Assume police are there, and he decides he's going to throw the drugs over for it now, and that's all he gets charged with. It's hard to say he gets a minor role for that. Nevertheless, if jettisoning guideline range is based on the drug range, wait, we're at the exact same spot. And now – so it all comes down to how it's charged? No, Your Honor. I think that with your scenario, we go back to who is substantially less culpable. It's the outrage, not the needs, right? But the crime is jettisoning, so the average is – seems to me the person who committed – if you didn't charge the conspiracy, which I don't think they did, then it would be the average in the jettison. And he's the one who said, I'm in trouble now. Let's throw the drugs in the ocean. So how can you say he's less culpable for that? Well, for example, then you would look at who is driving the ship. You would look at, did all of them jettison? In this case, his co-defendant also jettisoned because she was also told. But, I mean, that's where we get to the fact – fact-specific of each case. And here, what we do know is that – But then again, we don't know why this district court got it wrong here. The district court got it wrong, Your Honor, because they never engaged in this analysis. They never engaged in the questions that you're asking. It's clear from the record that they never said, wait, who are the U-Members? Oh, there are nine people, and compared to these nine people, Mr. Guzman is not substantially less culpable. They just simply decided, no, he's not because of the offense. And that's not proper, and that's not something that was before them. And again, we don't have – the court had the arguments. The defense made extensive arguments conducting the Walker analysis. And what you see from the court is the court didn't engage in the analysis that Your Honor's leader clarified in Walker, but that existed at the time, despite the defense counsel's efforts. The court, with its remarks, right, its remarks noting Mr. Guzman's position, his exploitation, noting that he was not part of the enterprise, it's clear from the record, and even when the court asked the government again unprompted, it's clear that the government engaged in a completely different analysis, and that's why our position is about this legal error, because the court never engaged. They never said, yes, this is the U-Members of participants, and now let me put them on a continuum, let me compare them to Mr. Walker – or sorry, to Mr. Guzman and see where he falls on that continuum. So that's where the error is. And that's why Your Honor's legal remand, so that the court can conduct that analysis. And now the court has the benefit of Walker, and this is something that is very important, as Your Honors can see in this district, but it was very important for Mr. Guzman specifically as well. Thank you, counsel. Thank you. We'll hear from counsel from the record. Counsel, please reintroduce yourself from the record to begin. Thank you, Mr. Board, Mario, and members of the government. The court should affirm Mr. Ceballos' sentence, because the district court here appropriately denied him a minor world adjustment. Here, the district court had the right framework in mind when it analyzed and evaluated Mr. Ceballos' claim. Adults are the individuals that individually identify as U-Members of participants, so the district court specifically asked the government whether the government's position was that because Mr. Ceballos had been guilty to all five charges, and because of the offenses charged, and the totality of the circumstances encompassed within the indictment, whether that's why the government approved the minor world adjustment, and the government agreed. And that was to show that the district court had in mind that the individual was charged. The court here said virtually nothing, really. I mean, it was not even, in the prior cases, I think there was some effort, maybe not enough, to go through some analysis. In this one, basically, the judges kind of said, well, we're going to move past that, and never really engage with it at all, I don't think. Respectfully, Your Honor, I believe that there is more than simply moving past that. Here, the district discussed that the court has asked questions from the court, which goes to show what the district court had in mind when evaluating the claim. The district court here asked whether Mr. Ceballos was arguing that, saying that he's not the captain, and when Ceballos agreed, the district court pointed out that he's not being the captain enhancement, which goes to show that the district court— So this is actually to show confusion yet, right? You're not going to get the leader? Okay, that doesn't tell me whether you should get the minor role. No, that just tells me you're not going to get the leader. It goes to show the district court's reasoning of seeing Mr. Ceballos as someone who was falling somewhere in the middle here. Mr. Ceballos himself identified the three individuals as the people on the boat, right at the outset when the district court gave him an opportunity to provide his argument. He then noted that one of the individuals, Ms. Dominga-Torre, in essence, had a much lesser of a role on the boat, and then also noted that he wasn't getting the captain enhancement. If he wasn't the captain, he himself placed himself in the middle of the three individuals. And that's the district court's question, so— Did the court go through on a record what the female public defender's role was? The district court did not discuss explicitly the role itself. There was a discussion by the defense counsel saying that she was the one who was throwing the bales out of the boat. The district court did not explicitly discuss it, but again— How are you supposed to review it? Here, it was Mr. Ceballos' word, and she demonstrated that he was eligible for the minor role adjustment. So she was reviewing the court's order, the court's decision. Yes, he had the burden, but based on that burden, the court made a decision that was trying to figure out if the court made it correctly. And so if the court didn't go through what her role was and just simply said her role was less culpable, then what does that mean? Based upon what? That was based upon Mr. Ceballos' own admission that her role was lesser than his, that in essence she would have been the one who would have received the minor role adjustment at the start of the sentencing hearing. So the district court had that in mind when it evaluated the claim. And with regard to— You're telling me that the defense counsel got before the court and said her role was lesser? That is what happened. That was on page 45 and 50, page 45, I believe, of the appendix, that Ms. Davers' role— In essence, basically he said that Ms. Davers, in essence, was a minor, would have been the minor participant in this case. Okay, so you had those pages with you in court? Yes. It just seems remarkable whether the defense counsel would do that. And the specific words are, the minor role. My client, I do not believe he means all the wrong things in the text. His degree of understanding of this bill was minor. There were three people on this vote. Defendant number three, Dominga, was a PTD. Yes, I believe that she would have been the minor participant, and these are the exact words. And that's from page 49 of the appendix. So the district court had that. Did he also argue that he, too, was a minor participant? He did argue that he, too, was a minor participant. But he pointed out that Ms. Dominga Davers also was a minor participant. And I would point to this court's reasoning in Andino Rodriguez, for example, where Andino Rodriguez did precisely the same thing. She pointed to someone who was less culpable than her and said, and there were also others who were more culpable. And this court found that the district court could have reasonably found that Ms. Andino Rodriguez was substantially less culpable than the average participant. And here it's the same reasoning. The same reasoning applies that the district court had before it, that someone else was less culpable and that someone else was more culpable. And Mr. Ceballos himself placed himself right at the middle. But that goes to the median versus the average problem. You could have one person who's super culpable, two other people who are both lesser. But if they're significantly lesser than the first guy who's really culpable, then they could both be substantially below the average. It's not just lining them up. The average means we sort of give credit to each, add up, and divide by three and find a point. But you can still have two people way down at the bottom, even though it's because one is way up at the top. Is that wrong? But perhaps maybe the case, depending on the circumstances, but here that is not… Like if I'm the captain, and it's not that complicated. I'm the captain, and I get two pretty – they don't know a lot, but they know enough to know what I'm doing. And they come on the boat to be with me, but I'm really the guy in charge. They're my drugs. It's my show. And then I have two lower people, and maybe between them one knows a little bit more than the other. Can't they both get it? Can't they both get the adjustment? It depends on the role in the offense. Right, so I just told you a hypothetical where one person is significantly culpable, two people are significantly less culpable than that person, and maybe there's some small distinction between them. But when you think of average, can't they both be way below the average so that they get it? That it's not enough to just line them up and say, well, there's three, and he says she's less, so that just means he's the middle. I'm not sure that's correct. There's going to be a median and an average. Perhaps, Your Honor, but I would like to get the facts in this case, where it's clear that Mr. Ceballos places himself somewhere in the middle, where he says that one of the people was much less culpable than he was, and another person was more culpable. What was the court's version of that? The court did not explicitly provide all of its reasonings on the record, which is what the government pointed to, and it's brief as well, but it can be implied from the questions that were asked by the court. For example, in Castillo-Vazquez, this court confirmed what the district court pointed to, Arias Mercedes, and said that what's actually here makes him more culpable than the female culprit. Or less culpable than the man. Or is that, let me expand the question a bit, or is that now that our walker may be easier for the district judge to specify one way or another? Perhaps our decision is that even on the walker, the district court did provide sufficient analysis considering this court's decision. The court's questions show what its reasoning was, and that was something that the walker court… I ask all sorts of questions all the time, and that doesn't mean I reach any conclusions. They're just my questions. But at the end, if I don't say what I think, how can we determine just… I understand sometimes it's clear, but… Well, she asked questions related to the topic, and then at the end decided not to address the topic, and therefore you should just assume everything. That seems a dangerous way to go about it. This court in Walker recognized that that was something that the appellate court would look to to see what the court's reasoning was. And here you can see that the district court also had the case law in mind with the questions that it asked. It asked whether Mr. Tobias was saying that he was the captain, and that he wasn't getting the captain in heaven, which is in line with both Arias Mercedez and Garcia Vasquez, that both stated that simply because you're not the captain, and you're not eligible for the minor role adjustment. In addition, the district court pointed out that Mr. Tobias was like many others who had taken these voyages, did not have a proprietary interest in the drugs, but got a payment for this trip, which is in line with Arias Mercedez, where the district court had pointed out also that the defendant… Under the guideline commentary, that suggests you should get a minor role adjustment if you've just got a payment. That was one of the factors that Arias Mercedez pointed to as a district court's analysis in terms of reevaluating the factors. If you agree with me, the guideline commentary specifically said a person who just gets a payment for a task should be more likely to get the minor role. The commentary points that out, but that is not an automatic, and it's something that the court can consider based, again, on the circumstances and the facts of the case. In addition, the court pointed out that there has been this voyage, and that's also something that was discussed in both Arias Mercedez and Garcia Vasquez, as well as the totality of the circumstances. I just have to make a person more comfortable, because they found themselves on a boat that's going through dangerous waters. What is the connection? This court in Arias Mercedez pointed out that it's usually not a clear error for the district court to find somebody… Okay, explain it to me, though. I don't understand it. So, it's fine that that's said it, if that's said it, but why? To provide material assistance at sea, the hazardous voyage, which in this case the district court pointed out that it would be eaten by sharks, you would have been drowned… Right, and we put the smaller people out onto those misty waters, because they might get eaten by sharks. Kingpin's not going to do that. Still, that's something that this court pointed out, as not being a clear error for the district court to not find a final adjustment. A clear error means that nobody brought it up, right? Excuse me? I'm going to say a clear error means that nobody brought it up, nobody objected, so… Thank you, counsel. Two minutes for both. Please reintroduce yourself on the record to begin. Maria Carolina Gomez, on behalf of Mr. Guzman. Your Honours, I want to address a few points that the government stated right now. So, they said that the court, they conceded that the court did not explain why it denied Mr. Guzman a minor world injunction. They also stated that it was impossible, or not impossible, but to your Honours' question regarding Mr. Guzman's role in comparison to his co-defendant, I just want to clarify that when the defense was answering that question with regard to that co-defendant, the defense was simultaneously asking the court to also grant Mr. Guzman a minor world injunction. So, that was a contest in which the court asked that question. And this is best highlighted because later on in the sentencing hearing, your Honours can see that the defense again brings up the co-defendant and says she, like Mr. Guzman, was also jettisoning, was also instructed to do so. So, that, I just wanted to clarify that for your Honours. Additionally, here, just again to reiterate the point, because somebody makes a hazardous journey, that is most drug couriers, and that applies to them, especially in this district, right? They are often making the hazardous journey. And that points to Mr. Guzman's substantially less hopeful actions because, again, he's the one who is disposable for the drug trafficking organization. And this was something that the court acknowledged, right? And that the court stated, you're being exploited by a drug trafficking organization who does not care about you. So, these kinds of remarks on the record make it clear that, you know, had the court conducted the right analysis, Mr. Guzman easily would have been granted, or should have been granted the minor world injunction, right? But the fact that, you know, the court was making these remarks while also, and I'll just finish my thoughts, I know Honours have more questions, but, and again, the fact that the court was making these remarks while simultaneously then denying him minor world means that the court was applying the incorrect legal standard to make the determination. Thank you, both Councillors, and very good job on both sides. Let's take a short five-minute recess.